ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ERICK JAVOTNEY SAMPSON, | ) |
| Plaintiff, | ) |
| v. | ) CV 313-020 |
| JERRY BESS, Captain, et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Sumter County Sheriff's Department in Americus, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Wheeler Correctional Facility in Alamo, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

Accordingly, on May 30, 2013, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 7.) Plaintiff has submitted an amended complaint, (doc. no. 8), and it is this document that the Court will now screen.

### I. SCREENING OF THE AMENDED COMPLAINT

#### A. BACKGROUND

Plaintiff names nine Defendants: (1) Jerry Bess, Captain; (2) Wheeler Correctional

Facility ("WCF")[1]; (3) J.D. Meldin, Warden; and five officers, (5) De'Shaun Stanley, (6) Tabathia Reed, (7) Ms. Cason; (8) Ms. Daniels; and, (9) Mr. Pittman[2] ("Officer Defendants"). (Doc. no. 8, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On November 25, 2012, officers came into Plaintiff's dorm, 600U, between 6:00 and 7:00 and "instructed all inmates to lockdown." (Id. at 7.) Defendant Bess noticed Plaintiff was laughing and instructed him to come "out the door" into the salleyport, and Plaintiff complied with this instruction. (Id.) Defendant Bess then instructed Plaintiff to place his hands on the wall, and Plaintiff did so. (Id.) Defendant Bess asked Plaintiff "what was so funny," and Plaintiff answered that he was "just laughing." (Id.)

"[S]econds later," Defendant Bess punched Plaintiff in the right side of his face between his temple and jawbone, "which landed [him] on the floor," and, "seconds later," Defendant Bess kicked Plaintiff in the face, which left him with blurred vision, a broken nose, and three chipped teeth. (Id.) Defendants Stanley, Daniels, Cason, and Reed, as well two other officers named Johnson and Jordan, "saw how much blood was on the floor" and "all stood in shock" until Defendant Bess instructed Defendant Stanley and Officer Johnson to lock Plaintiff up. (Id.) Defendants Cason, Daniels, Reed, and Stanley witnessed the assault and Plaintiff asserts that they failed to act as "helping [officers] on his behalf." (Id. at

---

[1] Plaintiff named "Wheeler Correctional Facility" as a Defendant in his original complaint, (see doc. no. 1, p. 1), and in his amended complaint, he now names "W.C.F. (CCA)," (see doc. no. 8, pp. 1, 4). It is apparent, however, that Plaintiff is referring to the same entity, and the Court will thus continue to refer to this Defendant as "WCF."

[2] Of note, the Court has spelled the names of the Defendants as they were spelled by Plaintiff in his complaint. (See doc. no. 1, pp. 1, 4.)

5.)

After the assault, Plaintiff was taken to medical, where Officer Johnson took photographs of him while his nose was "still bleeding." (Id.) Plaintiff was taken to the hospital for an X-ray, and a week and a half later he was taken to the hospital for surgery "to reconstruct [his] face." (Id.) While he was in "isolation," Plaintiff continued to be "housed" and "held" under the supervision of the officers who allegedly "fail[ed] to stop" the assault, including Defendant Pittman. (Id.) Defendant Pittman started "making jokes about [Plaintiff's] nose, which hurt[] [him] personally." (Id.) Plaintiff was also told about a conversation that Defendant Pittman had with Plaintiff's roommate, an inmate named Micheal Ray, in which Defendant Pittman stated that "(they) (free pick) [Plaintiff] because they thought [he] was a part of a gang known as the (Bloods)." (Id.) When he was released from "isolation," Plaintiff spoke to a case manager named Chanda Wesley, who told him that Defendant Bess "was known and also had an anger problem and is capable of doing such a thing." (Id.) Plaintiff seeks monetary damages and injunctive relief. (Id. at 8.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P.

3

12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

4

### 2. Failure to State Harassment Claim against Defendant Pittman

Plaintiff's complaint fails to state a § 1983 claim upon which relief may be granted against Defendant Pittman based on the allegation that Defendant Pittman made jokes about his nose while Plaintiff was housed in isolation. Mere name calling or verbal abuse, without more, does not state a claim under § 1983. See Stacey v. Ford, 554 F. Supp. 8, 9 (N.D. Ga. 1982); Thomas v. Savannah News Press Co., No. CV 487-307, 1987 WL 113751, at *2-4 (S.D. Ga. Dec. 3, 1987) (Edenfield, J.); see also McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name calling usually are not actionable under § 1983."); Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986) ("The claim that a prison guard called [the plaintiff] names also did not allege any appreciable injury and was properly dismissed."). Accordingly, Plaintiff fails to state a § 1983 claim upon which relief may be granted based on his allegations that Defendant Pittman made jokes about his nose while he was housed in isolation.

### 3. Failure to State an Excessive Use of Force Claim Against Officer Defendants

The Court also finds that Plaintiff fails to state a valid excessive use of force claim against the Officer Defendants – Cason, Daniels, Reed, Stanley, and Pittman. Plaintiff asserts that the Officer Defendants witnessed his assault, but failed to act as "helping [officers] on his behalf" and "fail[ed] to stop" his assault. (Doc. no. 1, p. 5.)

"[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable for his nonfeasance." Skritch v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002) (quoting Fundiller v. City of Cooper City, 777 F.2d 1436, 1441-42 (11th Cir. 1985)). "This liability, however,

5

only arises when the officer is in a position to intervene and fails to do so." Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 924 (11th Cir. 2000). Put another way, "an officer is only liable [for another officer's excessive use of force] if there is a realistic and reasonable opportunity to intervene." Smith v. Mensinger, 293 F.3d 641, 651 (3d Cir. 2002); see also Skritch, 280 F.3d at 1302 (all five officers liable where three of them administered a lengthy beating while two others "watched from outside the cell" and one of the two "at some point also took part in it."); Edwards v. Shanley, 666 F.3d 1289, 1298 (11th Cir. 2012) (officer liable where he was present for a dog attack which lasted for several minutes and "made no effort to intervene").

Where an attack is instantaneous, however, and the officers standing by have no reason to expect the use of excessive force, they will have no reasonable opportunity to protect the victim and will not be liable. See Riley v. Newton, 94 F.3d 632, 635 (11th Cir. 1996); Brown v. City of Huntsville, Ala., 608 F.3d 724, 740 n. 25 (11th Cir. 2010) ("Because the relevant events happened so quickly, the record does not reflect any point at which [the officer] could have intervened to prevent [another officer's] use of excessive force, especially pepper spray, on [plaintiff]."); see also Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 207 (1st Cir. 1990) (where plaintiff alleged in complaint that "attack came quickly and was over in a matter of seconds," officers standing by were not liable for failing to intervene); O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988) ("The three blows were struck in such rapid succession that [officer on scene] had no realistic opportunity to attempt to prevent them.").

Here, because the assault alleged in the amended complaint lasted only seconds, and

started suddenly with no advance warning, the Officer Defendants had no realistic opportunity to prevent the assault.³ See Brown, 608 F.3d at 740 n.25; O'Neill, 839 F.2d at 11; cf. Skritch, 280 F.3d at 1302. Moreover, Plaintiff has not alleged any facts indicating that the Officer Defendants had reason to expect that Defendant Bess would use excessive force. See Riley, 94 F.3d at 635. Indeed, negating any inference the officers present at the scene had a reason to expect the assault, Plaintiff alleges that they "stood in shock" after the assault occurred. (Doc. no. 8, p. 7.) Accordingly, Plaintiff fails to state a viable excessive use of force claim against the Officer Defendants. As Plaintiff makes no other allegations against the Officer Defendants, they should be dismissed from this case.

### 4. Failure to State a Supervisory Liability Claim Against Defendant Meldin

The Court also finds that Plaintiff's complaint fails to state a claim against Warden Meldin. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official liable, Plaintiff must demonstrate that either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff nowhere alleges that Defendant Meldin actually participated in assaulting him. To the

---

³With respect to Defendant Pittman, Plaintiff does not even clearly assert whether he was present when the assault occurred. (See doc. no. 8, pp. 5-7.)

contrary, Plaintiff clearly states that it was Defendant Bess who punched and kicked him.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Meldin and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). "The causal connection can be established when a history of widespread abuse[4] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003)). Plaintiff has not made the necessary showing with respect to Warden Meldin. Accordingly, Plaintiff fails to state a claim upon which relief can be granted against Warden Meldin, and he should be dismissed from this case.

### 5. Failure to State a Claim Against Defendant WCF

Finally, Plaintiff's allegations are insufficient to state a claim against WCF, which is not subject to liability in a § 1983 suit such as this one. The "capacity to sue or be sued

---

[4]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

is determined . . . by the law of the state where the court is located. . . . ." Fed. R. Civ. P. 17(b)(3). Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 368 S.E.2d 500, 502 (1988) (quotation omitted).

Plaintiff has not shown, and the Court is not aware of, any applicable precedent for recognizing a prison as an entity capable of being sued for violation of § 1983, and other federal courts in Georgia confronted with similar suits have determined that jails and prisons are not legal entities subject to liability in § 1983 claims. E.g., Sebastian v. Maynard, No. 5:10-CV-221 (MTT), 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) (concluding that county detention center "is not a legal entity that is subject to suit under 42 U.S.C. § 1983"), *adopted by*, 2010 WL 3395154 (M.D. Ga. Aug. 21, 2010); Bolden v. Gwinnett County Det. Ctr. Med. Admin. Med. Doctors, No. 1:09-CV-1966-TWT, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."). In accordance with these decisions, the Court finds that WCF is not subject to liability for any of the allegations in Plaintiff's complaint.

Even if WCF were capable of being sued for violating § 1983, it could not be held liable for the actions of the other Defendants on the basis of *respondeat superior*, and Plaintiff has failed to allege that WCF, as an entity, actually participated in or was causally connected to the alleged constitutional violations. See Hartley, 193 F.3d at 1269 (11th Cir.

1999). Plaintiff has therefore failed to state a claim against Defendant WCF, and it should be dismissed from this case.[5]

## II. CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that Defendants Cason, Daniels, Reed, Stanley, Pittman, Meldin and Wheeler Correctional Facility be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 8th day of July, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[5] In a simultaneously issued Order, the Court is allowing Plaintiff to proceed with his Eighth Amendment excessive use of force claim against Defendant Bess.