ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 AUG 30 P 2: 31
CLERK_____

| | |
|---|---|
| ERICK JAVOTNEY SAMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 313-020 |
| ) | |
| JERRY BESS, Captain, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate formerly incarcerated at the Sumter County Sheriff's Department in Americus, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 (See doc. no. 1.) In a prior Order, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") based on information furnished by Plaintiff. (Doc. no. 3.) On July 8, 2013, the Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b), (doc. nos. 9, 11), and directed service of process on Defendant Bess based on Plaintiff's allegations of excessive use of force, (doc. no. 11), while in a simultaneously issued Report and Recommendation ("R&R"), the Court recommended dismissal of Plaintiff's remaining claims and all of the remaining named Defendants, (doc. no. 9). The District Court adopted this recommendation as the opinion of the Court. (Doc. no. 14.)

Plaintiff submitted a notice dated July 11, 2013, however, in which he informed the Court that he now resides at a different address. (Doc. no. 12.) It was apparent from Plaintiff's new address, as a well as a search of the Georgia Department of Corrections website, that he had been released from incarceration. As a result, Plaintiff's IFP status was revoked. (Doc. no. 13.) On July 24, 2013, the Court directed Plaintiff to submit the $350.00

filing fee or a new motion to proceed IFP if he wished to pursue the above-captioned case. (Id.) The Court warned Plaintiff that failure to comply with the terms of the July 24, 2013 Order within twenty-one (21) days would result in a recommendation to the presiding District Judge that this case be dismissed without prejudice. (Id.)

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, "dismissal without prejudice [is] appropriate" pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

Here, the Court ordered Plaintiff to submit the filing fee or a new motion to proceed IFP within twenty-one days of its July 24, 2013 Order, and it warned Plaintiff that, in the event he failed to do so, it would recommend dismissal of his case, without prejudice. (See id. at 13; doc. no. 19, pp. 2-3.) Plaintiff's failure to comply with the terms of that Court Order, or even to provide the Court with an explanation for his failure to submit the filing fee or a new motion to proceed IFP, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff was previously proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, as noted above, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of August, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).